## ADVISORY OPINION TO THE GOVERNOR

30 So. (2nd) 377
May 10, 1947

January Term, 1947
En Banc

PER CURIAM:

Honorable Millard Caldwell
Capitol Building
Tallahassee, Florida

Dear Governor:

We are in receipt of your request for advisory opinion as authorized by Section 13, Article IV of the Constitution as follows:

"To the Honorable Chief Justice
and Justices of the Supreme Court
of the State of Florida

Gentlemen:

"House Resolution No. 20, adopted May 6th, 1947, provides as follows:

"BE IT RESOLVED BY THE HOUSE OF REPRESEN-TATIVES OF THE STATE OF FLORIDA IN SESSION AS-SEMBLED: Section 1. That each member of the House of Representatives be paid individually and in addition to all other remuneration the sum of six dollars ($6.00) per day for the additional purchase of postage stamps and for other necessary and incidental expenses, not now supplied by the Legislature."

"Inasmuch as the compensation of the members of the Legislature, including their expenses of the sessions, are payable out of funds in the State Treasury and under Section 24 of Article IV of the Constitution, no funds may be disbursed from the State Treasury except upon order of the Comptroller, countersigned by the Governor, I am in doubt as to my duty and authority in the matter of countersigning Comptroller's orders or warrants for the payment of expenses of the House of Representatives with the knowledge that any such warrant would include the additional allowance for members contemplated by the resolution mentioned.

"There is some doubt as to whether or not your advisory opinion to me of date June 2, 1945, 22 So. 2nd 398; 156 Fla. 48, is applicable to this resolution.

"Therefore, I have the honor to request your written opinion as to:

"1. Whether the pay or compensation of members of either branch of the Legislature and other expenses thereof may be authorized and paid out of the State Treasury by a resolution of the branch affected, or whether a regular legislative enactment by both branches is the requisite authority for such disbursements.

"2. Whether or not the additional allowance for members as contemplated by the resolution is contrary to and in violation of Section 4 of Article III of the Constitution, which provides that:

" 'The pay of members of the Senate and House of Representatives shall not exceed six dollars a day for each day of session, and mileage to and from their homes, to the seat of government, not to exceed ten cents a mile each way, by the nearest and most practicable route.'

"3. Whether or not I, as Governor, am authorized to countersign Comptroller's warrants or orders covering the pay or compensation and/or expenses of the House of Representatives or of its individual members, knowing that such warrants include payments of the expenses contemplated by said resolution.

"Due to the time element involved, I would greatly appreciate your earliest convenient response to this request."

Very respectfully,

Millard Caldwell,

Governor."

The answer to your inquiry turns on the interpretation of House Resolution No. 20 as affected by the quoted part of Section 4, Article III of the Constitution. "The pay of members of the Senate and House of Representatives shall not exceed six dollars a day for each day of session, and mileage to and from their homes, to the seat of government, not to exceed ten cents a mile each way by the nearest and most practicable route."

It is clear that at the time this provision of the Constitution was adopted a member of the Legislature might be

compensated for two items of expense, his per diem while attending the session and ten cents per mile one trip each way from his home to the Capitol. At that time these two items covered the major exjenses of a member of the Legislature, but at the present it is common knowledge that a member of the Legislature incurs other items of legislative expenses that are as essential to the proper performance of the duties imposed on him as the two items enumerated and we find no prohibition in the constitution to paying them.

House Resolution No. 20 provides that each member of the House may be paid six dollars per day for the "purchase of postage stamps and for other necessary and incidental expenses." It is a well known fact that stamps, telegrams, telephone service, messenger hire, and other such items are a heavy drain on the personal pocket of some members of the legislature. They are made necessary by exactions of their constituents and being so, we think it appropriate that reimbursement be made for them. We do not think that a resolution is sufficient to authorize their payment but we think the legislature would be within its power to enact a law providing for their payment and when this is done, you would be authorized to countersign warrants to pay them on resolution of either house finding them to be legitimate legislative expense.

This holding is not in conflict with our advisory opinion dated June 2, 1945, in 156 Fla. 48, 22 So. 2nd 398, where we were confronted with a resolution authorizing the payment of the flat sum of Two Hundred Forty Dollars to each member of the Legislature on his own requisition for expenses incurred by him in attendance upon the legislature. In our view all such payments are limited to legitimate legislative expenses as determined by either house of the legislature, exclusive of per diem, and mileage defined in Section 4 of Article III of the Constitution.

So you are advised that legitimate legislative expenses other than per diem and mileage as contemplated by Section 4, Article III of the Constitution may be paid from the State treasury when authorized by Act of the Legislature and found to be such by resolution of either house. When you find that

these prerequisites have been met, you would be authorized to countersign warrants drawn by the Comptroller to pay them.

Respectfully,

Elwyn Thomas
Chief Justice

Glenn Terrell

Rivers Buford

Alto Adams
Justices

A. O. Kanner

George Holt
Associate Justices